**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SUNLIGHTEN, LLC,　　　　　　　　　　　　)
a Kansas corporation,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　　Civil Action No. 1:26-cv-7782
　　　　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　　Judge: _____
　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　　Magistrate Judge: _____
PEAK WELLNESS USA LLC,　　　　　　　　)
a Wyoming limited liability company,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　Defendant.　　　　)

## COMPLAINT

Sunlighten, LLC ("Plaintiff" or "Sunlighten"), through its undersigned attorneys, files this

Complaint against Defendant Peak Wellness USA LLC ("Defendant Peak"), and states and alleges

as follows:

## THE PARTIES

1.　　　Sunlighten is a limited liability company organized under the laws of the State of

Missouri, having its principal place of business located at 10975 El Monte Street, Leawood,

Kansas 66211.

2.　　　Defendant Peak is a limited liability company organized under the laws of the State

of Wyoming, having its principal place of business located at 73 West Monroe Street, Chicago,

Illinois 60603.

## JURISDICTION AND VENUE

3.　　　This is an action for patent infringement under the patent laws of the United States,

35 U.S.C. §§ 1 *et seq*.

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This court has personal jurisdiction over Defendant Peak because Defendant Peak has purposefully availed itself of the rights and benefits of the laws of Illinois and this district. Defendant Peak has committed acts of infringement in this District, and maintains its principal place of business in this district.

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because events giving rise to the claims asserted herein occurred in this district, Defendant Peak has committed acts of infringement in this district, and Defendant Peak has a regular and established place of business in this district.

7. Injunctive relief is authorized by 35 U.S.C. § 283.

## BACKGROUND

8. Sunlighten has been in the business of developing and marketing wellness products since 1999, with a focus on helping consumers improve their quality of life through innovative sauna technology.

9. Sunlighten offers a wide range of infrared sauna solutions for both home and commercial use. Sunlighten has made continued investments in research, development, and proprietary technology to distinguish its sauna solutions from the sauna technologies offered by its competitors.

10. Sunlighten's research and development investments have led to numerous innovations, including its "mPulse" and "Amplify" lines of infrared saunas, which incorporate full-spectrum infrared heaters emitting near-, mid-, and far-infrared light wavelengths to deliver a precise combination of infrared light and high heat, yielding powerful wellness results.

11.     Sunlighten also distinguishes itself through its construction standards.  Sunlighten's saunas are built with walls over 30% thicker than the industry standard, using environmentally sustainable wood and manufacturing processes.

12.     Sunlighten's investment in research, development, and design has resulted in a substantial portfolio of intellectual property, including utility patents, design patents, registered trademarks, and trade dress protection.

13.     Sunlighten's innovations have made it a target for imitation by competitors seeking to capitalize on its success, including through unauthorized copying of Sunlighten's patented technologies.

14.     In addition to many other utility and design patents, Sunlighten owns all right, title, and interest in and to United States Patent No. 11,419,787 (the "'787 Patent"), entitled "Dynamic Sauna," which issued August 23, 2022.  A true and correct copy of the '787 Patent is attached as **Exhibit A**.

15.     Defendant Peak was formed in January 2019 by Mr. Austin Laudenslager.

16.     Sunlighten recently learned that Defendant Peak is offering for sale and selling saunas under the names "Aspen," "Olympus," "Rainier," "Shasta," "Fuji," "Everest," "Patagonia," "Crown," "Matterhorn," "Denali," "El Capitan," and "Kilimanjaro" (the "Infringing Saunas").  On information and belief, at some time before November 26, 2025, Defendant Peak began offering for sale and selling each of the Infringing Saunas via the website "https://peaksaunas.com/".

17.     On information and belief, Defendant Peak fulfills orders for the Infringing Saunas placed through https://peaksaunas.com/ by shipping, or causing to be shipped, the Infringing Saunas to customers across the United States.

18. Counsel for Sunlighten sent a letter to Defendant Peak on November 26, 2025, stating the basis of Sunlighten's concerns of possible infringement of claims of its patents, including claims of the '787 Patent. Defendant Peak declined to provide a substantive response to the November 26, 2025 letter.

19. As of at least January 28, 2026, each of the Infringing Saunas were being offered for sale on https://peaksaunas.com/.

20. In March 2026, Plaintiff attempted to obtain and inspect a "Rainier" sauna by placing an order on https://peaksaunas.com/. Defendant Peak canceled Plaintiff's order.

21. In May 2026, Plaintiff obtained and inspected a "Shasta" sauna by placing an order on https://peaksaunas.com/. On information and belief, Defendant Peak has infringed and continues to infringe the '787 Patent by making, using, selling, offering for sale, and importing Infringing Saunas in the United States that embody or use the inventions claimed in at least claims 13 and 19 of the '787 Patent. As set forth in the claim charts attached as **Exhibit B**, Plaintiff's inspection of the "Shasta" sauna obtained in May 2026 shows that the "Shasta" sauna infringes upon at least claims 13 and 19 of the '787 Patent.

22. On information and belief, the Infringing Saunas are substantially similar in design, construction, and technological makeup to the "Shasta" sauna inspected by Plaintiff in May 2026. Prior to obtaining the "Shasta" sauna, Plaintiff reviewed the product specifications, marketing materials, and user manuals made available by Defendant Peak on https://peaksaunas.com/ for each of the Infringing Saunas. Based on that review, Plaintiff determined that the Infringing Saunas share the same or substantially similar infrared heating systems, control features, and other relevant technical characteristics. Plaintiff's subsequent inspection of the Shasta sauna confirmed the presence of features and structures described in the product specifications, marketing materials,

and user manuals. Thus, on information and belief, making, using, selling, offering for sale, and importing each of the Infringing Saunas infringes upon at least claims 13 and 19 of the '787 Patent.

23. As of at least May 26, 2026, Defendant Peak was offering for sale each of the Infringing Saunas, with the exception of the "Crown" sauna, on https://peaksaunas.com/.

24. Defendant Peak's willful infringement of the '787 Patent continues to this day.

25. Defendant Peak's infringement has caused and will continue to cause Plaintiff irreparable harm, including loss of goodwill, loss of customer relationships, damage to Plaintiff's reputation as an innovator in the infrared-sauna industry, and loss of sales opportunities that are difficult to quantify and fully compensate through monetary damages alone.

## COUNT I – INFRINGEMENT OF THE '787 PATENT

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. On information and belief, Defendant Peak has committed and is continuing to commit direct acts of infringement of the '787 Patent under 35 U.S.C. § 271(a) by importing into the United States and selling and offering to sell in the United States saunas covered by claims of the '787 Patent.

28. Plaintiff has been damaged as a direct result of the infringement of the '787 Patent.

29. Plaintiff will continue to be damaged unless further infringement is enjoined under 35 U.S.C. § 283.

30. Plaintiff is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Plaintiff for Defendant Peak's infringement of the '787 Patent. Plaintiff is entitled to in no event less than a reasonable royalty for the infringement and use made of the '787 Patent by Defendant Peak, together with interest and costs.

31. Since at least November 26, 2025, Defendant Peak has had actual knowledge of the '787 Patent and Plaintiff's contention that the manufacture, offer for sale, sales in the United States, or importation into the United States of the Infringing Saunas infringe the '787 Patent. Despite such knowledge, Defendant Peak has continued to offer for sale and sell in the United States and import into the United States saunas infringing upon claims of the '787 Patent. On information and belief, Defendant Peak's past and continuing infringement of the '787 Patent has been and continues to be deliberate and willful.

32. Defendant Peak's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

33. Moreover, this is an exceptional case that entitles Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter the following:

A. A judgment that Defendant Peak has infringed the '787 Patent;

B. A judgment and order temporarily and permanently restraining and enjoining Defendant Peak, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale, or importing any systems or products that infringe one or more claims of the '787 Patent, or otherwise directly or indirectly committing further acts of infringement of the '787 Patent;

C. A judgment and order requiring Defendant Peak to pay damages to Plaintiff adequate to compensate Plaintiff for Defendant Peak's wrongful infringing acts in accordance with 35 U.S.C. § 284;

D. A judgment and order requiring Defendant Peak to pay increased damages up to three times, in view of Defendant Peak's willful and deliberate infringement of the '787 Patent;

E. A finding in favor of Plaintiff that this is an exceptional case under 35 U.S.C. § 285, and an award to Plaintiff of its costs, including reasonable attorney's fees and other expenses incurred in connection with this action;

F. A judgment and order requiring Defendant Peak to pay Plaintiff pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

G. A judgment and order requiring impounding and destruction of all Infringing Saunas; and

H. A judgment that Plaintiff be awarded such other and further relief as the Court deems just and appropriate.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury trial on all issues so triable.

Dated: July 2, 2026

Respectfully Submitted,

By: /s/

A. Justin Poplin, ND IL #21598
Kent R. Erickson (pro hac vice forthcoming)
James J. Kernell (pro hac vice forthcoming)
Andrew D. McLandsborough
   (pro hac vice forthcoming)
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: jpoplin@avekip.com
      kerickson@avekip.com
      jkernell@avekip.com
      amclandsborough@avekip.com

-8-

Tom Wagstaff Jr. (pro hac vice forthcoming)
Taylor Meyers (pro hac vice forthcoming)
LAW OFFICE OF TOM WAGSTAFF JR.
6811 Shawnee Mission Parkway, Suite 314
Overland Park, Kansas 66202
Telephone:  816-708-0524
Facsimile:  816-708-0561
Email:     tom@thewagstafflawfirm.com
           taylor@thewagstafflawfirm.com

*Attorneys for Plaintiff*
*Sunlighten, LLC*

-8-